IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

PHILLIP J. SUCIU,                          )
                                           )
            Plaintiff,                     )
                                           )
v.                                         )        Judge Nixon/Knowles
                                           )        Case No. 3:03-0401
                                           )
JO ANNE BARNHART,                          )
Commissioner of Social Security            )
                                           )
            Defendant.                     )

**Memorandum Order**

Plaintiff Philip Suciu ("Suciu") filed this civil action pursuant to 42 U.S.C. §§ 405(g) and

1383(c)(3), to obtain judicial review of the denial of a claim for benefits under Titles II and Title

XVI of the Social Security Act (Doc. No. 1). Defendant filed a Motion to Dismiss (Doc. No. 2),

along with a Memorandum of Law (Doc. No. 3). Magistrate Judge Knowles then issued a

Report and Recommendation suggesting that Defendant's Motion to Dismiss be granted. On

December 12, 2003, Plaintiff filed a Motion for Leave to file an Amended Complaint, along with

a Memorandum in Response to Defendant's Motion to Dismiss, in Support of His Motion to

Amend His Complaint, and in Support of His Motion to Remand this Matter to Defendant (Doc.

Nos. 8-10). The Court granted Plaintiff's Motion to Amend his Complaint (Doc. No. 11).

Plaintiff also filed a Motion to Remand this Matter to the Defendant (Doc. No. 9) Defendant

then filed a Motion to Dismiss Plaintiff's Amended Complaint (Doc. No. 13). For the reasons

stated herein, the Court hereby DENIES Defendant's Motion to Dismiss and DENIES

Defendant's Motion to Dismiss Plaintiff's Amended Complaint. This action shall be

REMANDED to the Commissioner for a hearing before the ALJ, consistent with this Order.

1

## I.    BACKGROUND

Plaintiff filed an application for disability insurance benefits under Title II and Title XVI of the Social Security Act.  His applications were denied initially, and again on reconsideration. Plaintiff next requested a hearing before an Administrative Law Judge ("ALJ").  On July 3, 2000, the ALJ set Suciu's case for a hearing scheduled for April 5, 2001.  A Notice of Hearing was sent to Plaintiff and to his attorney.  On the date of the hearing Plaintiff's counsel appeared, but Plaintiff, himself, failed to appear.  A Notice to Show Cause for Failure to Appear was sent to Suciu and to his attorney on April 10, 2001.  On April 27, 2001, having received no response from Plaintiff or his attorney regarding the Notice to Show Cause, the ALJ dismissed Plaintiff's request for a hearing.

On January 23, 2002, Plaintiff's attorney submitted a letter making a request to reopen Suciu's hearing pursuant to 20 C.F.R. 416.1488(a) and (b).  This request was denied by an ALJ on April 16, 2002.  Then, on April 17, 2002, Plaintiff requested that the Appeals Council reverse the ALJ's order denying Suciu's request to reopen the hearing.  On March 6, 2003, the Appeals Council notified Plaintiff that no action would be taken on his request.  This suit was filed in the United States District Court for the Middle District of Tennessee on May 6, 2003.


## II.    DISCUSSION

Before the Court is Defendant's motions for dismissal of Suciu's original and amended complaints in this case, premised on the theory that this Court lacks subject matter jurisdiction. First, Defendant argues that Plaintiff has failed to exhaust administrative appeal remedies with

respect to his claim for benefits, and therefore has not received a "final decision" of the Commissioner as required to obtain judicial review pursuant to 42 U.S.C. § 405(g). Next, Defendant urges the Court to reject Plaintiff's implied constitutional claim that the Commissioner's procedures unfairly denied him procedural due process, because Plaintiff did not take advantage of the Agency procedures in place, which would have given him adequate opportunity to explain why he believed the ALJ wrongly dismissed his hearing request. Finally, Defendant argues that mandamus jurisdiction pursuant to 28 U.S.C. § 1361 is not available to Suciu, and so this claim, contained in Plaintiff's Amended Complaint, must also be dismissed. The Court will address each of these issues.

**A. Jurisdiction Pursuant to 42 U.S.C. § 405(g)**

Defendant asserts that Suciu's suit must be dismissed because he did not exhaust his administrative remedies prior to its filing. By failing to appear for his hearing, and then failing to respond in a timely manner to the Notice to Show Cause why he did not appear for the hearing, Defendant argues that Suciu's hearing was dismissed in such a way that did not constitute a "final decision of the Commissioner of Social Security made after a hearing to which he was a party," in accordance with 42 U.S.C. § 405(g). As such, Defendant argues that Suciu's claim does not meet the requirements for judicial review pursuant to § 405(g), which Defendant claims serves as the exclusive jurisdictional basis for review. Defendant's position is that a decision to deny a hearing request is itself made without a hearing, and does not fall within the purview of 42 U.S.C. § 405(g), and is therefore unreviewable absent a constitutional challenge. Accordingly, Defendant argues that the Court must dismiss this case for lack of subject matter

3

jurisdiction.

Sections 405(g) and (h) of the Social Security Act authorize judicial review in cases arising under Title II and Title XVI of the Social Security Act. Section (g) states, in pertinent part, "Any individual, *after any final decision of the Commissioner of Social Security made after a hearing to which he was a party,* . . . may obtain a review of such decision by a civil action . . ." (Emphasis added). Section (h) states, "No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." Thus, section (h) make clear that § 405(g) of the Social Security Act provides the only basis for judicial review.

The phrase "final decision" is not defined in the Social Security Act, and so "its meaning is left to the [Commissioner] to flesh out by regulation." Weinberger v. Salfi, 422 U.S. 749, 757 (1975). The Social Security Administration regulations set out, in detail, the steps of the administrative review process. First, under 20 C.F.R. § 404.902, the claimant receives and initial determination regarding entitlement or continuing entitlement to benefits. If the claimant is dissatisfied with this determination, he or she may request reconsideration of the initial determination. 20 C.F.R. § 404.907. If the claimant is dissatisfied with the outcome of the reconsideration, the claimant may request a hearing before an ALJ. 20 C.F.R. § 404.929. Then, if dissatisfied with the decision of the ALJ, a claimant may request that the Appeals Council review the decision. 20 C.F.R. § 404.967. If the Appeals Council exercises its authority to deny the claimant's request for review, then the ALJ's decision stands as the final decision of the Commissioner. 20 C.F.R. § 404.981. If, on the other hand, the Appeals Council grants the request for review, it will then issue its own decision, which will stand as the final decision of

4

the Commissioner.  Id.  At this point, a final decision has been rendered, and the claimant

becomes entitled to judicial review.  In the event that a claimant does not pursue his or her

administrative appeal rights, the administrative determination or decision becomes binding.  See

20 C.F.R. §§ 404.905, 404.921, 404.955, 404.981.

The Sixth Circuit has repeatedly held that because a decision to deny a hearing request is

itself made without a hearing, that decision does not fall within the purview of 42 U.S.C. §

405(g), which requires a "final decision of the Secretary made after a hearing" to confer a right

to judicial review.  Hilmes v. Secretary of Health and Human Services, 983 F.2d 67, 69 (6th Cir.

1993);  Jones v. Secretary of Health and Human Servs., No. 89-1603, slip op. at 3, 1990 WL

17265 (6th Cir. Feb. 27, 1990);  Bagby v. Harris, 650 F.2d 836 (6th Cir.), cert. denied, 454 U.S.

1087 (1981).  However, Plaintiff urges the Court to follow the Ninth Circuit's reasoning in

McNatt v. Apfel, 201 F.3d 1084, 1086 (9th Cir. 2000), which involves a similar fact pattern to

the instant action.

In McNatt, the claimant's representative appeared at the scheduled hearing without the

claimant, with the intention of requesting that it be rescheduled.  The ALJ held that because the

attorney made clear that he was not authorized to go forth with the hearing without his client, he

too would be treated as not having appeared.  The ALJ then sent a Notice to Show Cause for

Failure to Appear.  The deadline to respond to the Notice fell on the day after New Year's Day,

and the filing was, coincidentally, late.  The ALJ then dismissed the request for a hearing for

failure to give good cause for not appearing at the originally scheduled hearing.  The Appeals

Council denied the claimant's request for review and a civil action was filed.  Concluding that

McNatt had not received a "final judgment . . . after a hearing" and thus had not exhausted his

Case 3:03-cv-00401   Document 17   Filed 07/27/05   Page 5 of 13 PageID #: 5

administrative remedies, the district court dismissed the case for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

On appeal, the Ninth Circuit reversed, holding that the hearing requirement was intended to ensure that claimants do not bypass the administrative procedure established to resolve their claims, and that "when a claimant has appeared before the ALJ and sought a continuance of his or her hearing, and when the ALJ's decision denying the claim is final except for modification or reversal on appeal, claimant has had a hearing within the meaning of § 405(g)."  McNatt, 201 F.3d at 1087.  In so finding, the Ninth Circuit concluded that the district court did have jurisdiction to review the decision of the ALJ.

Defendant urges the Court to reject the reasoning and holding in McNatt because it is clearly inconsistent with the Supreme Court's decision in Califano v. Sanders, 430 U.S. 99, 108 (1977), a case involving the Secretary's refusal to reopen a benefits claim.  In Sanders, the Supreme Court held that § 405(g) did not grant a district court jurisdiction to review the Secretary's denial of a claimant's application to reopen a claim where a final decision denying benefits after a hearing to which the plaintiff was a party had been entered several years earlier. The Court reasoned that granting jurisdiction "would frustrate the congressional purpose . . . to impose a 60-day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits." Id. at 108.

The Court agrees with Defendant's position, and will not follow McNatt in this case. The Court finds the Ninth Circuit's creative invention of a "hearing" when none in fact was had, for the purpose of creating jurisdiction where none is granted by the Social Security Act, inconsistent with the established positions of both the Supreme Court and the Sixth Circuit.

6

Nevertheless, the Supreme Court has recognized an exception to the requirement of obtaining a final decision made after a hearing for claimants raising constitutional grounds. See Sanders, 430 U.S. at 107. The Court will discuss this next.

**B. Jurisdiction Pursuant to Plaintiff's Constitutional Challenge**

As Defendant recognized in its briefs, the decision to deny a hearing request or to deny a request to reopen a hearing, is made without a hearing, and is therefore unreviewable by a district court pursuant to 42 U.S.C. § 405(g), *absent a constitutional challenge*. See Id. The Supreme Court recognized in Sanders that otherwise unappealable orders may be challenged on constitutional grounds. This court has interpreted Sanders as requiring a reviewing court to determine whether a claimant has established a colorable constitutional claim. See Cottrell v. Sullivan, 987 F.2d 342, 345 (6th Cir. 1992). Absent a finding that the claimant has established a colorable constitutional claim, a federal court has no jurisdiction to review the Commissioner's decisions made without a hearing. Id. Further, the use of constitutional language to "dress up" a claim of abuse of discretion in refusing to reopen an application does not create a colorable constitutional challenge. Ingram v. Sec'y of Health & Human Servs., 830 F.2d 67, 67-68 (6th Cir. 1987).

In this case, Plaintiff couched his Amended Complaint in such a way as to imply a procedural due process claim under the Fifth Amendment to the United States Constitution. Any uncertainty regarding his intent to do so is erased by his memorandum supporting his motion to amend, which states, "Plaintiff has also moved this Court to permit him to amend his complaint to assert a due process claim and a petition for a writ of mandamus." (Doc. No. 10 at 2). The

7

Court reads Plaintiff's arguments as alleging a due process violation for the ALJ's failure to follow its own regulation, 20 C.F.R. 404.957, when Suciu's representative appeared for the hearing before the ALJ, but Suciu did not. Moreover, the Court interprets Plaintiff's claim as alleging that this failure to follow social security regulation section 404.957 was made more egregious by the fact that Suciu's representative allegedly told the ALJ at the hearing that Suciu's mental impairments may have caused his failure to appear. Finally, Plaintiff seems to allege that it was a further deprivation of Suciu's procedural due process rights to deny his request to reopen. The Court finds that Plaintiff has raised a colorable constitutional claim, such that this Court now has jurisdiction to determine whether Plaintiff's Fifth Amendment due process rights were, in fact, violated.

Plaintiff argues that the ALJ's decision to dismiss his hearing request was premised on legal error; namely, the ALJ's violation of 20 C.F.R. § 404.957. Specifically, Plaintiff contends that he was not afforded a full and fair hearing because the ALJ dismissed his hearing request rather than rescheduling the hearing after Suciu's attorney appeared but Suciu did not. Defendant, on the other hand, asserts that Plaintiff's due process rights were not violated. Defendant contends that the ALJ afforded Plaintiff the chance to show good cause for not appearing at the hearing by sending a Notice to Show Cause for Failure to Appear, but that neither Plaintiff nor his counsel responded. Also, Defendant contends that even after the hearing was dismissed, Plaintiff failed to pursue his administrative remedies correctly. After a dismissal of a request for a hearing, a claimant may request review within sixty days by filing a request for review with the Appeals Council. However, in this case neither Plaintiff nor Plaintiff's counsel filed a request for review.

8

On January 23, 2002, nearly nine months after the ALJ issued the Notice of Dismissal in Suciu's case, Plaintiff's counsel filed a request to reopen Plaintiff's hearing, pursuant to 20 C.F.R. § 416.1488(a) and (b), claiming that "[Suciu's] good cause is found in that his claim is based largely upon mental impairments that contributed to his falling homeless at about the time of his initially scheduled hearing. Due to his mental condition and his transient state he lost track of the hearing date and failed to appear." (Doc. No. 4, Exh. 7). This request to have Suciu's hearing reopened was reviewed and rejected by an ALJ. In his denial notification, the ALJ stated that "the unrefuted evidence in the record establishes that the claimant's mental impairment(s) are not severe. The file and the representative's letter of January 23, 2002 demonstrate that the claimant had notice of the hearing and simply 'forgot' to attend. 'Good cause' which is sufficient to overcome the finality of a final order requires a showing of something more than negligent forgetfulness." (Doc. No. 4, Ex. 8 at 2.)[1]

The Court has jurisdiction to review the full administrative record to determine if the decision not to reopen because no "good cause" was shown was in fact based upon substantial evidence in the record. This jurisdictional authority stems from the suggestion that Plaintiff's

---

[1] The Court notes that Plaintiff's explanation that mental impairments contributed to his falling homeless at about the time of his initially scheduled hearing strike the Court as "something more than negligent forgetfulness." Moreover, it seems unreasonably harsh to state that one who alleges that he fell homeless, whether due to mental impairments or not, "simply 'forgot' to attend a hearing" given such a transient state. Nonetheless, these determinations were well within the province of the ALJ according to 20 C.F.R. 416.1488(b) and 416.1489, which govern the ALJ or Appeals Council's authority to reopen a hearing for "good cause." Given Suciu's presentation of a colorable constitutional claim, the Court could order that the administrative record be produced, so that the Court could assess whether the ALJ relied on substantial evidence in the record in finding that there was no good cause shown for reopening Suciu's hearing. However, the Court finds it unnecessary to do so, given the ALJ's clear violation of 20 C.F.R. § 404.957 in dismissing Suciu's hearing initially.

9

mental impairments may have impaired his ability to take advantage of the administrative

process and attend his hearing. However, the administrative record has not been produced to the

Court. Without reviewing the full administrative record, the Court is unable to determine

whether the decision not to reopen Suciu's hearing based upon the claimant's assertion of mental

impairments which rendered him unable to attend his hearing constitutes a violation of Suciu's

due process rights. Nevertheless, the Court finds that remand is required in this case because the

ALJ violated its own procedural regulations.

Dismissal of a request for a hearing before an administrative law judge is governed by 20

C.F.R. § 404.957, which provides in relevant part:

> An administrative law judge may dismiss a request for a hearing
> under any of the following conditions:
>
> . . . . .
>
> (b)(1)(i) *Neither you nor the person you designate to act as your*
> *representative* appears at the time and place set for the hearing ...
> and good cause is not found by the administrative law judge....
> (b)(1)(ii) *Neither you nor the person you designate to act as your*
> *representative* appears at the time and place set for the hearing and
> within 10 days after the administrative law judge mails you a
> notice asking why you did not appear, you do not give a good
> reason for the failure to appear.

(Emphasis added). The Social Security Administration's Hearings, Appeals, and Litigation Law

Manual ("HALLEX") provides an interpretation of the regulation regarding dismissals that is

instructive to the situation presented here. HALLEX provision I-2-425(D), entitled "Claimant's

Representative Appears at Hearing Without the Claimant," provides as follows:

> If a claimant's representative appears at a scheduled hearing
> without the claimant, the ALJ must determine whether the
> claimant is an essential witness for a proper determination of the

10

case.
1. If the claimant is not considered to be an essential witness, the ALJ should proceed with the hearing and issue the decision.
2. If an ALJ determines that claimant is an essential witness, the ALJ should offer to postpone the hearing so that the claimant may appear.

. . . . .

NOTE: If a representative appears at a scheduled hearing without the claimant, dismissal is not appropriate even if the ALJ has determined that the claimant is an essential witness.

It is unclear whether the provisions contained in the HALLEX are legally binding and enforceable on their own in the Sixth Circuit. However, the Sixth Circuit has given effect to the guidelines contained therein. See Kirves v. Callahan, 113 F.3d 1235 (6th Cir. 1997) (unpublished). In one decision, the Sixth Circuit found the HALLEX to provide due process. See Adams v. Massanari, 2003 WL 173011 at **4-8 (6th Cir. Jan. 23, 2003). Whether the HALLEX is binding on its own is not crucial to the Court's decision. Regardless of whether the HALLEX is binding on its own, the Court finds reason in the Ninth Circuit's approach to this question. In Moore v. Apfel, 216 F.3d 864, 868-69 (9th Cir. 2000), the Ninth Circuit explained its holding in McNatt with respect to the question of reliance on the HALLEX. The Ninth Circuit held:

In [McNatt], we found that the ALJ in question violated 20 C.F.R. § 404.957, as interpreted by HALLEX I-2- 425(D). [McNatt 201 F.3d at 1088]. We did not address the question of whether HALLEX provisions are independently binding. The Code of Federal Regulations is clearly binding upon the Commissioner, and the HALLEX provision found to have been violated in McNatt was the Commissioner's official interpretation of that binding regulation.

Id. The Court adopts the reasoning set forth in Moore, and holds that the Commissioner here

11

violated § 404.957.

Defendant argues that even if the ALJ should not have dismissed Suciu's hearing because Suciu's attorney appeared, the failure of both Suciu and his attorney to respond to the Notice to Show Cause for Failure to Appear did give the ALJ the authority to dismiss the hearing. The Court disagrees. Because the ALJ's dismissal was grounded on a failure to comply with the April 10, 2001 show cause order, it is essential as an initial matter to examine the propriety of that order. As Plaintiff's counsel did appear at the scheduled hearing, the criteria for dismissal pursuant to § 404.957 were not met. Since it is "an elemental principle of administrative law that agencies are bound to follow their own regulations," remand is appropriate. Wilson v. Commissioner of Social Sec., 378 F.3d 541, 545 (6th Cir. 2004). "Where a prescribed procedure is intended to protect the interests of a party before the agency, 'even though generous beyond the requirements that bind such agency, that procedure must be scrupulously observed.'" Id., quoting Vitarelli v. Seaton, 359 U.S. 535, 547 (1959) (Frankfurter, J., concurring). Thus, this action will be remanded to the Commissioner for the scheduling of a hearing before an ALJ.

### C.  Mandamus Jurisdiction Pursuant to 42 U.S.C. § 1361

Plaintiff's Amended Complaint also sets forth a petition for a writ of mandamus seeking to compel Defendant to comply with the regulations that govern her conduct in regard to applications for Title II and Title XVI disability benefits. (Amended Comp. at 1.) Mandamus jurisdiction in federal courts is codified at 28 U.S.C. § 1361, which states that "[t]he district court shall have original jurisdiction of any action in the nature of mandamus to compel an

officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." A writ of mandamus is an extraordinary remedy, and is intended to provide a remedy only if the plaintiff has exhausted all other avenues of relief and the defendant owes the plaintiff a clear nondiscretionary duty. Heckler v. Ringer, 466 U.S. 602, 616-17(1984) (citations omitted). Having found that Plaintiff has presented a claim implicating due process concerns with respect to the ALJ's violation of 20 C.F.R. § 404.957, such that remand on that ground is required, the Court finds it unnecessary to address whether mandamus jurisdiction is available in this case.


## III. CONCLUSION

Defendant's Motion to Dismiss and Motion to Dismiss Plaintiff's Amended Complaint are both DENIED. This case shall be REMANDED to the Commissioner for a hearing before an ALJ pursuant to sentence four of 42 U.S.C. § 405(g).

It is SO ORDERED.

Entered this the 27th day of July, 2005.


JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT

13